UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:14-cv-272

| | |
|---|---|
| MARDINA M. GRISSION, ADMINISTRATRIX FOR THE ESTATE OF ROMAN LEE DRAKE, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF FAYETTEVILLE, TOM BERGAMINE, SHEILA THOMAS AND JONATHAN FISHER, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |  **STIPULATION/CONSENT PROTECTIVE ORDER** |

The parties in this case, by and through their undersigned counsel, and the North Carolina State Bureau of Investigation (hereinafter referred to as "NCSBI"), by and through its undersigned counsel, stipulate to the entry of this Consent Order upon approval from the Court allowing the release of NCSBI File / Case No. 2012-00781-778 to counsel for the parties.

1. The parties, in the course of this action, have requested the release of the SBI investigative file into the death of Plaintiff's decedent, Roman Lee Drake.

2. The SBI investigative file appears to be material and relevant to the subject matter involved in this matter.

3. The following definitions apply herein:

    a. "SBI Report" refers to the materials contained in SBI File No. 2012-00781-778, the related laboratory reports and findings, and any photographs taken in conjunction with the investigation into the aforementioned death.

1818555v1

b. "Document" means all writings, drawings, graphs, charts, recordings, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

c. "Material" means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

d. "Parties" means Plaintiff and Defendants in this action.

4. Counsel for the SBI, after reviewing this file and related documents, has determined that the SBI has no objection to producing the SBI Report to the parties for the following reasons:

a. No policy reason exists for denial of the request of the parties for production of this material.

b. There is no prejudice to the SBI by releasing this material.

c. There are no identities of persons contained in this material which need to be protected, and

d. Any criminal investigation which might have been the subject of this file has been concluded.

5. Except as may be otherwise provided by further order of the Court, documents contained within the SBI Report shall be used for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified below.

a. The Court and its staff.

    b.     The parties and attorneys of record for the parties, and their legal assistants; other staff members, and law student clerks; insurers, their agents and employees; outside companies engaged by attorneys for the parties to photocopy such documents.

    c.     Any potential or actual deposition or trial witness when the documents are materially related to the questions asked to or testimony of such witness.

    d.     Mediators.

    e.     Consultants and technical experts involved in the preparation of this action.

    f.     Court reporters, their transcribers, assistants and employees.

    g.     The jury and trier of fact.

6. In addition, the above individuals and entities that are permitted access to the NCSBI file materials and information are hereby ordered not to show, convey or reproduce any documents so designated or parts thereof, or copies thereof, or any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order, except to the qualified persons listed above.

7. The parties are responsible for notifying any person who is provided any portion of the NCSBI investigative file of the terms of this Protective Order. The parties shall keep a record of all persons to whom such disclosures are made.

8. Counsel may make copies of material contained within the NCSBI file for Plaintiff's or Defendants' experts upon receiving from said experts a written agreement that the experts will be bound by the terms of this Protective Order. The requirement of obtaining such

- 3 -

Case 5:14-cv-00272-BO   Document 21   Filed 12/03/14   Page 3 of 5

an agreement shall be satisfied by having each of Plaintiff's or Defendants' experts read, acknowledge and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by Plaintiff's and/or Defendants' counsel. By signing the declaration agreeing to be bound by this Protective Order, each of Plaintiff's or Defendants' experts submits himself or herself to the jurisdiction of the Court for purposes of enforcement of this Protective Order.

9. The production or disclosure of documents and materials in the NCSBI file, pursuant to the terms of this Order, shall not waive or prejudice the right of any party to object to the production or admissibility of documents or information on any applicable grounds.

10 This Protective Order shall not apply to documents or materials that have otherwise become public records pursuant to North Carolina law, or that have been lawfully obtained from a source other than the NCSBI file materials.

11. This Protective Order shall not prevent any party, or the NCSBI, from applying to the Court for relief from this Protective Order or from applying to the Court for further or additional Protective Orders, or from agreeing between themselves to modification of this Protective Order, with the concurrence of the NCSBI and subject to the approval of the Court.

12. At the conclusion of this litigation, each document produced by the NCSBI and subject to this Protective Order shall be returned to the NCSBI for destruction or otherwise destroyed in a manner approved by the NCSBI.

SO ORDERED, this the ____3____ day of __December__, 2014.

**Approved and Entered by:**

_[signature]_         12-3-14
U.S. DISTRICT COURT JUDGE     Date
Eastern District North Carolina

**AGREED TO BY:**

/s/ Angel Gray
Angel Gray
N.C. State Bar No. 24257
P.O. Box 29500
Raleigh, North Carolina 27626
E-mail: agray@ncdoj.gov
*Legal Counsel for the North Carolina
State Bureau of Investigation*

/s/ Kari R. Johnson
KARI R. JOHNSON
N.C. State Bar No. 16033
E-mail: krj@cshlaw.com
Cranfill Sumner & Hartzog LLP
Post Office Box 27808
Raleigh, North Carolina 27611-7808
*Attorneys for Defendants*

/s/ Coy E. Brewer, Jr.
COY E. BREWER JR.
N.C. State Bar No. 481
E-mail: coybrewer@lawyerbrewer.com
Post Office Box 2249
Telephone: 910-339-4370
Fayetteville, North Carolina 28302
*Attorney for Plaintiff*